**Hearing Date: August 2, 2022, at 10:00 a.m. (ET)**
**Objection Deadline: July 26, 2022, at 4:00 p.m. (ET)**

WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
J. Christopher Shore
Philip M. Abelson

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (*pro hac vice* pending)
Jason N. Zakia (*pro hac vice* pending)
Jesse Green (*pro hac vice* pending)

*Attorneys for the Putative Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Involuntary Case No. 22-10842 (DSJ) |
| | ) | |
| Putative Debtor. | ) | |
| | ) | |

## MOTION OF THE PUTATIVE DEBTOR TO TRANSFER VENUE
## OF THE INVOLUNTARY CHAPTER 11 CASE TO THE UNITED STATES
## <u>BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE</u>

---

[1]    The Putative Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND .........................................................................................................................3

     A.    Overview of the Company and the Putative Debtor ................................................3

     B.    The Mexican Liquidation Proceeding and the Chapter 15 Petition ........................7

JURISDICTION AND VENUE ...................................................................................................8

BASIS FOR RELIEF ..................................................................................................................8

RELIEF REQUESTED ................................................................................................................8

ARGUMENT ...............................................................................................................................8

I.     THIS COURT SHOULD TRANSFER THE INVOLUNTARY CASE TO THE
      DELAWARE BANKRUPTCY COURT UNDER 28 U.S.C. § 1406(a) AND
      BANKRUPTCY RULE 1014(a)(2) .................................................................................8

     A.    The Putative Debtor Is Not Domiciled in New York, Does Not Reside in New
          York, and Its Principal Place of Business Is Not In New York. ..............................9

     B.    The Putative Debtor's Principal Assets in the United States Are Located in
          Delaware, Not New York. .....................................................................................10

NO PRIOR REQUEST ..............................................................................................................12

NOTICE .....................................................................................................................................12

CONCLUSION ..........................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Frank v. Neufeld (In re Neufeld)*, No. 12-02177 (MDF), 2012 Bankr. LEXIS 5430
(Bankr. M.D. Pa. Nov. 16, 2012) ................................................................................10

*Hertz v. Friend*, 559 U.S. 77 (2010) .................................................................................10

*In re Dunmore Homes, Inc.*, 380 B.R. 663 (Bankr. S.D.N.Y. 2008) ..................................9

*In re EB Capital Mgmt. LLC*, No. 11-14626 (MG), 2011 Bankr. LEXIS 2764
(Bankr. S.D.N.Y. July 14, 2011) .................................................................................9

*In re Éclair Bakery Ltd.*, 255 B.R. 121 (Bankr. S.D.N.Y. 2000) .......................................9

*In re Frame*, 120 B.R. 718 (Bankr. S.D.N.Y. 1990) .........................................................9

*In re Glob. Ocean Carriers Ltd.*, 251 B.R. 31 (Bankr. D. Del. 2000) ..............................11

*In re Houghton Mifflin Harcourt Publ'g Co.*, 474 B.R 122 (S.D.N.Y. 2012) .................10

*In re Shelton*, No. 01-20655 (TLM), 2001 Bankr. LEXIS 2213 (Bankr. D. Idaho
Oct. 12, 2001) .............................................................................................................10

*In re Silicon Valley Innovation Co.*, No. 12-52706 (ASW), 2012 Bankr. LEXIS
4034 (Bankr. N.D. Cal. Aug. 30, 2012) .....................................................................11

*In re Suzanne De Lyon, Inc.*, 125 B.R. 863 (Bankr. S.D.N.Y. 1991) ...............................9

*In re Washington, Perito & Dubuc*, 154 B.R. 853 (Bankr. S.D.N.Y. 1993) .....................9

*Louis Dreyfus Co. Freight Asia PTE v. Uttam Galva Steels Ltd.*, No. 17-2476
(JSR), 2017 U.S. Dist. LEXIS 171806 (S.D.N.Y. Oct. 15, 2017) .............................11

## STATUTES AND RULES

8 Del. C. § 169 ...................................................................................................................11

11 U.S.C. § 303 ....................................................................................................................2

11 U.S.C. § 1517 .........................................................................................................2, 3, 7, 8

28 U.S.C. § 157 ....................................................................................................................8

28 U.S.C. § 1334.................................................................................................................8

28 U.S.C § 1406(a) ......................................................................................................2, 3, 8

28 U.S.C. § 1408...................................................................................................8, 9, 10

Fed. R. Bankr. P. 1014(a)(2)..............................................................................................1, 8

Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., the putative debtor (the "**Putative Debtor**") in the above-captioned involuntary chapter 11 case (the "**Involuntary Case**"), files this motion (the "**Motion**") pursuant to 28 U.S.C §§ 1406(a) and 1408 and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached as **Exhibit A**, transferring this case to the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**"). In support of the Motion, the Putative Debtor relies upon and incorporates by reference the (i) *Declaration of Robert Wagstaff in Support of (I) Motion of the Putative Debtor to Transfer Venue of the Involuntary Chapter 11 Case to the United States Bankruptcy Court for the District of Delaware and (II) Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* (the "**Wagstaff Declaration**") and (ii) *Declaration of Juan Pablo Estrada Michel in Support of (I) Motion of the Putative Debtor to Transfer Venue of the Involuntary Chapter 11 Case to the United States Bankruptcy Court for the District of Delaware and (II) Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* (the "**Estrada Declaration**"). In further support of the Motion, the Putative Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Putative Debtor, along with its non-debtor affiliates (together, the "**Company**"), is a leading specialty finance company based in Mexico City, Mexico. The Putative Debtor has over US$2.5 billion of funded debt obligations. Faced with severe liquidity constraints since the start of the COVID-19 pandemic in early 2020, the Company attempted to negotiate a comprehensive restructuring that would allow the Company to dispose of certain assets and restructure its short and medium term financial liabilities. After those discussions proved to be unsuccessful, one of the Company's shareholders, Mr. Angel Francisco Romanos Berrondo, filed

1

a petition in Mexico solely in his capacity as a shareholder,[1] on June 28, 2022, seeking to commence a Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation of the Putative Debtor (the "**Mexican Liquidation Proceeding**") pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") to facilitate the Putative Debtor's orderly and efficient liquidation in accordance with Mexican law.  On June 30, 2022, the Mexican Court appointed Mr. Fernando Alonso-de-Florida Rivero as the provisional liquidator (*Liquidator Judicial Provisional*) (the "**Mexican Liquidator**") of the Putative Debtor in the Mexican Liquidation Proceeding.  Contemporaneous with the filing of this Motion with this Court, Robert Wagstaff (the "**Foreign Representative**"), as the foreign representative of the Putative Debtor, prepared and filed a chapter 15 petition (the "**Chapter 15 Petition**") in Delaware Bankruptcy Court seeking recognition of the Mexican Liquidation Proceeding as a foreign main proceeding under section 1517 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      On June 22, 2022 certain alleged creditors alleging to hold less than 0.3% of the Putative Debtors' US$2.5 billion of funded debt obligations filed with this Court an involuntary chapter 11 petition (the "**Involuntary Petition**") against the Putative Debtor under section 303 of the Bankruptcy Code, commencing the Involuntary Case.

3.      While the Putative Debtor seeks dismissal of this Involuntary Case in a separate motion filed contemporaneously herewith in this Court, it also requests transfer of the Involuntary Case to the Delaware Bankruptcy Court under 28 U.S.C § 1406(a) and Bankruptcy Rule 1014(a)(2).  The Southern District of New York is an improper venue for this Involuntary Case, as this district is not the location of the Putative Debtor's domicile, residence, principal place of business in the United States, or its principal assets in the United States.  This Involuntary Case

---

[1]      Mr. Romanos is a former officer and director of the Putative Debtor.

concerns a single Mexican company with one principal U.S. asset—the stock of its U.S. subsidiary—which is located in Delaware.  That fact alone justifies transfer of this case to the Delaware Bankruptcy Court.

4.      Delaware is also where the Foreign Representative has commenced a case under chapter 15 seeking recognition of the Mexican Liquidation Proceeding as the foreign main proceeding under section 1517 of the Bankruptcy Code.  Transfer of this Involuntary Case will also ensure that this Court and the Delaware Bankruptcy Court do not waste judicial resources duplicating efforts and creating the risk of inconsistent orders.[2]

5.      The Putative Debtor therefore requests that this Court transfer the Involuntary Case to the Delaware Bankruptcy Court under 28 U.S.C § 1406(a) and Bankruptcy Rule 1014(a)(2).

## BACKGROUND

### A.      Overview of the Company and the Putative Debtor

6.      The Company operates a leading specialty finance business based in Mexico City, Mexico.  The Company began operations in 1993 and has built a diversified and scalable business platform that offered financial solutions to market segments generally underserved by the traditional banking system, primarily through the following types of financing products: (i) loans paid via payroll deduction ("**PDLs**"); (ii) consumer loans; (iii) loans for new and used car purchases (the "**Car Loans**"); (iv) small and medium enterprise loans ("**SME Loans**" and together with the PDLs, the consumer loans, and the Car Loans, the "**Crédito Loans**"); and (v) factoring and leasing designed to fund the working capital needs of small and medium enterprises ("**Factoring and Leasing**").[3]

---

[2]      The Foreign Representative also supports the relief requested in this Motion.

[3]      Wagstaff Decl. ¶ 10.

7.     The Putative Debtor is a Mexican publicly-traded entity with variable capital (*Sociedad Anónima Bursátil de Capital Variable* or S.A.B. de C.V.) and an unregulated multiple-purpose financial entity (*Sociedad Financiera de Objeto Múltiple* or "**SOFOM**"; *Entidade No Regulada* or "**E.N.R.**") organized in Mexico under Mexican laws and under the supervision of the Mexican National Banking and Securities Commission (*Comisión Nacional Bancaria y de Valores*, or "**CNBV**").[4]

### i.     Location of the Putative Debtor's Registered Office and Records

8.     The Putative Debtor is incorporated in Mexico, and at all times since its incorporation, it has maintained its registered offices in Mexico.[5]  The Putative Debtor has its registered office, headquarters, and principal place of business at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico, from where the Company's operations, finances, corporate management, employee management and payroll, and short- and long-term strategic planning has been historically directed.  All correspondence of the Putative Debtor is sent from its registered office, including to all investors.[6]

9.     The Putative Debtor is also a resident of Mexico for tax purposes, and its statutory books and records are held in Mexico.[7]

### ii.     Location of the Putative Debtor's Management and Employees

10.     As set forth above, on June 28, 2022, Mr. Angel Francisco Romanos Berrondo filed a petition solely in his capacity as a shareholder seeking to commence the Mexican Liquidation

---

[4]     *Id.* ¶ 11.

[5]     The Putative Debtor was registered in the Public Registry of Commerce of Mexico City on February 16, 1993. *See* Official Tax Identification Form, attached to the Wagstaff Declaration as Exhibit A, together with a certified translation into English.

[6]     Wagstaff Decl. ¶ 12.

[7]     *Id.* ¶ 13.

Proceeding.  On June 30, 2022, the Mexican Liquidator was appointed by the Mexican Court for the Putative Debtor.  As a matter of Mexican law, the Mexican Liquidator has displaced the Putative Debtor's directors and management and assumed full responsibility for all assets and operations of the Putative Debtor.  The Mexican Liquidator is an independent fiduciary duly appointed by and subject to the supervision of the Mexican Court and is based in Mexico.[8]

11.     The Putative Debtor has 255 employees, including management and administrative staff that administers the assets and operations of the Putative Debtor under the authority and control of the Mexican Liquidator.  All of these employees are based in Mexico.[9]

### iii.     Location of the Putative Debtor's Assets

12.     The Company's specialty finance business is primarily conducted in Mexico.  All of the PDLs, consumer loans, and SME Loans portfolios are originated and paid in Mexico and approximately 34% of the Car Loans portfolio is originated and paid in Mexico.[10]

13.     Based on publicly available information as at December 31, 2021, the Putative Debtor's largest asset is a portfolio of Mexican PDL Loans, which represents 55% of the Crédito Loans.  In addition, collectively the Putative Debtor and its direct and indirect subsidiaries in Mexico are the issuers of Mexican Car Loans that represent another 3% of the Crédito Loans.  All Crédito Loans issued by the Putative Debtor were originated in Mexico, are governed by Mexican law, and more than 80% of the borrowers of Crédito Loans originated by the Putative Debtor are located in Mexico.[11]

---

[8]     Wagstaff Decl. ¶ 14.

[9]     *Id*. ¶ 15.

[10]    *Id*. ¶ 16.

[11]    *Id*. ¶ 17.

14.     In the United States, the principal assets of the Putative Debtor are its equity interests in its wholly owned subsidiary, Crédito Real USA, Inc. ("**Crédito USA**"), an entity incorporated in 2015 in Wilmington, Delaware.[12]   The U.S. entities' day-to-day operations are performed by three U.S.-based subsidiaries.   The first, Crédito Real USA Finance, LLC ("**CRUSAFIN**"), operates out of Florida, originates car loans nationwide and manages a car loan portfolio.   The second, Crédito Real USA Business Capital, LLC, operates out of Texas and manages a SME Loan portfolio.   The third, Camino Financial, Inc., operates out of California and manages a consumer loan portfolio.   All three business operations are owned by Crédito USA.   As of the quarter ended December 31, 2021, CRUSAFINs car loan portfolio was almost twice as large as the Putative Debtor's car loan portfolio in Mexico, and collectively Crédito USA and its subsidiaries[13] accounted for 8% of the Company's total loan portfolio.   Based on information provided by the Company, the estimated value of the equity of Crédito USA is estimated to be approximately US$85 million.

15.     The Putative Debtor's property in New York includes a bank account located in New York City with Citibank that has held an average balance of US$3.95 million for the past six months (the "**NY Bank Account**").[14]   The NY Bank Account was established for the purpose of funding the U.S. subsidiaries and complying with requirements under the indentures governed by

---

[12]   Wagstaff Decl. ¶ 18.  A copy of Crédito USA's Delaware Certificate of Incorporation is attached to the Wagstaff Declaration as Exhibit B.

[13]   Crédito USA owns equity in eight (8) U.S.-based subsidiaries: (i) CR-MPM, LLC (Delaware), (ii) CR-MPM Financial, LLC (Delaware), (iii) CR USA SME, LLC (Delaware), (iv) Money Mercado, Inc. (Texas), (v) Camino Financial, Inc. (Delaware), (vi) CREAL Houston, LLC (Delaware), (vii) Crédito Real USA Business Capital, LLC (Delaware), and (viii) Crédito Real USA Finance, LLC (Florida).  Further, Crédito Real USA Finance, LLC wholly owns two (2) U.S.-based subsidiaries: (i) Auto Funding Services, LLC (Florida) and (ii) Credito Real USA Receivables, LLC (Delaware).  Wagstaff Decl. ¶ 19 n.6.

[14]   Currently, the NY Bank Account has a balance of approximately US$1.3 million.

New York law.[15]  Thus, the funds held in the NY Bank Account are significantly less valuable than the Putative Debtor's principal U.S. asset, namely its wholly-owned equity interest in Crédito USA, which is located in Delaware.[16]

      **B.**      **The Mexican Liquidation Proceeding and the Chapter 15 Petition**

16.      On June 30, 2022, the Mexican Court issued an order (the "**Mexican Order**") granting the Mexican Petition and commencing the Mexican Liquidation Proceeding.[17]  A copy of the Mexican Order is attached as Exhibit A to the Estrada Declaration.  Upon issuance of the Mexican Order, the Mexican Liquidation Proceeding for the Putative Debtor under the Mexican Corporations Law provides for an orderly dissolution and liquidation procedure for the assets and affairs of the Putative Debtor at the direction and control by the Mexican Liquidator.[18]

17.      Also on June 30, 2022, the Mexican Court issued an order (the "**Precautionary Measures Order**") granting certain *ex parte* precautionary measures on a provisional basis.  The Precautionary Measures Order also appointed the Mexican Liquidator.[19]  A copy of the Precautionary Measures Order is attached as Exhibit B to the Estrada Declaration.

18.      As stated above, the Foreign Representative has been duly appointed by the Mexican Liquidator as the foreign representative of the Mexican Liquidation Proceeding in connection with the Chapter 15 Petition.[20]  On July 14, 2022, the Foreign Representative filed the Chapter 15 Petition in the Delaware Bankruptcy Court seeking an order granting recognition of

---

[15]   Wagstaff Decl. ¶ 19.

[16]   *Id.*

[17]   Estrada Decl. ¶ 12.

[18]   *Id*. ¶¶ 18, 21.

[19]   *Id*. ¶ 13.

[20]   *Id*. ¶ 17.

the Mexican Liquidation Proceeding under section 1517 of the Bankruptcy Code as the foreign main proceeding of the Putative Debtor.[21]

## JURISDICTION AND VENUE

19.     This Court has jurisdiction to consider the relief requested herein pursuant to sections 157 and 1334 of title 28 of the United States Code.

20.     Under 28 U.S.C. § 1408, venue in a district is proper where a debtor has its domicile, residence, principal place of business in the United States, or its principal assets in the United States.  As explained below, venue is not proper in this district under 28 U.S.C. § 1408.

## BASIS FOR RELIEF

21.     The predicates for the relief sought in this Motion are 28 U.S.C §§ 1406(a) and 1408 and Bankruptcy Rule 1014(a)(2).

## RELIEF REQUESTED

22.     The Putative Debtor respectfully requests that the Court transfer this case to the United States Bankruptcy Court for the District of Delaware.

## ARGUMENT

I.     **THIS COURT SHOULD TRANSFER THE INVOLUNTARY CASE TO THE DELAWARE BANKRUPTCY COURT UNDER 28 U.S.C. § 1406(a) AND BANKRUPTCY RULE 1014(a)(2)**

23.     Venue for bankruptcy cases is governed by 28 U.S.C. § 1408, which states:

[A] case under title 11 may be commenced in the district court for the district --- (1) in which the ***domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located*** for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

28 U.S.C. § 1408 (emphasis added).

---

[21]    *Id.*

24.     If a bankruptcy case is filed in an improper venue, 28 U.S.C. § 1406(a) requires that the case be dismissed or transferred to a district where venue is proper.  28 U.S.C. § 1406(a). Transfer is also authorized by Bankruptcy Rule 1014(a)(2). Fed. R. Bankr. P. 1014(a)(2); *see also In re Washington, Perito & Dubuc*, 154 B.R. 853, 858 (Bankr. S.D.N.Y. 1993) (although Rule 1014(a)(2) provides that the court "may" dismiss or transfer a case, the bankruptcy court "may not retain an improperly venued case and must either transfer the case or dismiss it"); *In re Suzanne De Lyon, Inc.*, 125 B.R. 863, 866 (Bankr. S.D.N.Y. 1991) ("By virtue of Bankruptcy Rule 1014(a)(2), the Court may not retain an improperly venued case and must either transfer the case or dismiss it"); *In re Frame*, 120 B.R. 718, 722  (Bankr. S.D.N.Y. 1990) (same).

25.     The burden rests on the movant to demonstrate by a preponderance of the evidence that the involuntary Chapter 11 petition was filed in the wrong district.  *See In re Éclair Bakery Ltd.*, 255 B.R. 121, 141 (Bankr. S.D.N.Y. 2000).

26.     As explained below, New York does not meet any of the requirements for venue under § 1408.  Neither the domicile of the Putative Debtor, nor its residence, nor its principal place of business are located in New York.  And while the Putative Debtor does have a bank account located in New York, that account is not the Putative Debtor's principal asset in the United States. The Debtors' principal asset in the United States is the stock it holds in its U.S. subsidiary, which is incorporated in Delaware.  Thus, venue is improper in New York, and the Court should transfer this Involuntary Case to the Delaware Bankruptcy Court.

A.     **The Putative Debtor Is Not Domiciled in New York, Does Not Reside in New York, and Its Principal Place of Business Is Not In New York.**

27.     A corporation's domicile is generally held to be the location of its incorporation. See *In re EB Capital Mgmt. LLC*, No. 11-14626 (MG), 2011 Bankr. LEXIS 2764, at *9 (Bankr. S.D.N.Y. July 14, 2011) ("A corporation's domicile is generally held to be its state of

9

incorporation"); *see also In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) (same). Here, there is no dispute that the Putative Debtor is incorporated in Mexico, and not New York.[22]

28.     The "residence" prong of section 1408 applies only to natural persons and not to a business entity like the Putative Debtor. *In re Houghton Mifflin Harcourt Publ'g Co.*, 474 B.R 122, 134 (S.D.N.Y. 2012) ("Residence is the place where a natural person (a human being) lives.").

29.     Nor is the Putative Debtor's principal place of business located in this district. In *Hertz v. Friend*, the United States Supreme Court held a corporation's "principal place of business," is where its "nerve center" is located, that is where the corporation's officers direct, control and coordinate the corporation's activities. 559 U.S. 77, 92 (2010). Here, the "nerve center" of the Putative Debtor is in Mexico. The Putative Debtor has no managers or employees in New York, and does not direct, control, or coordinate its activities from New York.[23]

**B.      The Putative Debtor's Principal Assets in the United States Are Located in Delaware, Not New York.**

30.     Section 1408 also allows the commencement of a chapter 11 case where a debtor has its "principal assets in the United States." While "[t]he term 'principal' is not defined in the Code . . . use of the term as an adjective commonly connotes '[c]hief; leading; most important or considerable; primary. . . .'" *In re Shelton*, No. 01-20655 (TLM), 2001 Bankr. LEXIS 2213, at *19 (Bankr. D. Idaho Oct. 12, 2001). After assessing "the quantum located in each district. . . . a determination can be made as to where the majority of the assets are located." *Id.*; *see In re Houghton Mifflin*, 474 B.R. at 129 n.23 (citing *Shelton* with approval); *Frank v. Neufeld (In re Neufeld)*, No. 12-02177 (MDF), 2012 Bankr. LEXIS 5430, at *4 (Bankr. M.D. Pa. Nov. 16, 2012)

---

[22]     *See* Official Tax Identification Form, attached to the Wagstaff Declaration as Exhibit A.

[23]     Wagstaff Decl. ¶¶ 14-16.

("Therefore, the analysis required is a simple determination of where the greater dollar value of all property of the estate is located.").

31.    Here, the Putative Debtor's most significant U.S. asset is the valuable equity of its wholly-owned Delaware-incorporated subsidiary, Crédito USA.  The estimated value of the equity of Crédito USA is estimated to be approximately US$85 million.  Crédito USA and its subsidiaries comprise approximately 8% of the Company's total loan portfolio.[24]

32.    Courts have long recognized that the location of a company's stock is the company's state of incorporation.  *See Louis Dreyfus Co. Freight Asia PTE v. Uttam Galva Steels Ltd.*, No. 17-2476 (JSR), 2017 U.S. Dist. LEXIS 171806, at *9 (S.D.N.Y. Oct. 15, 2017) (recognizing "the general federal rule that an ownership interest in a company is located in that company's state of incorporation"); *In re Silicon Valley Innovation Co.*, No. 12-52706 (ASW), 2012 Bankr. LEXIS 4034, at *8 (Bankr. N.D. Cal. Aug. 30, 2012) (transferring chapter 11 case to Delaware after finding that the debtor's principal asset was stock in a corporation that "was incorporated in Delaware; therefore, according to the historical rule and Delaware law, the [ ] stock is located in Delaware because Delaware created [the corporation] and its stock"); *In re Glob. Ocean Carriers Ltd.*, 251 B.R. 31, 37 (Bankr. D. Del. 2000) (concluding that debtors have property in Delaware through their ownership of a company incorporated in Delaware); see also 8 Del. C. § 169 ("[T]he situs of the ownership of the capital stock of all corporations existing under the laws of this State, whether organized under this chapter or otherwise, shall be regarded as in this State."). The location of the subsidiary's operations is not relevant—just the state of its incorporation.  *See In re Silicon Valley Innovation Co.*, 2012 Bankr. LEXIS 4034, at *8 (transferring venue from California to Delaware even though Delaware corporation was headquartered in California).

---

[24]    *See supra* ¶ 17.

33.      The stock of Crédito USA held by the Putative Debtor is located in Delaware.  And the value of that stock far exceeds the value of any other assets the Putative Debtor holds in the United States, including the New York bank account.[25]  Thus, the Putative Debtor's principal assets in the United States are not located in New York, and there is no basis for the Involuntary Petitioners' selection of New York for the venue in this case.  The Court should transfer this Involuntary Case to the appropriate venue: the Delaware Bankruptcy Court.

## NO PRIOR REQUEST

34.      No prior application for the relief requested herein has been made to this Court or any other court.

## NOTICE

35.      Notice of this Motion will be provided all parties listed on **Exhibit B** attached hereto.  The Petitioner submits that no other or further notice is necessary.

## CONCLUSION

36.      WHEREFORE, the Putative Debtor respectfully requests that the Court grant the relief requested in the Proposed Order transferring this case to the United States Bankruptcy Court for the District of Delaware in the interest of justice and the convenience of the parties.

---

[25]    Wagstaff Decl. ¶ 22.

Dated: July 14, 2022


Respectfully submitted,

/s/  *John K. Cunningham*

**WHITE & CASE LLP**

John K. Cunningham
J. Christopher Shore
Philip M. Abelson
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
jcunningham@whitecase.com
cshore@whitecase.com
philip.abelson@whitecase.com


Richard S. Kebrdle (*pro hac vice* pending)
Jason N. Zakia (*pro hac vice* pending)
Jesse Green (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
rkebrdle@whitecase.com
jzakia@whitecase.com
jgreen@whitecase.com


*Counsel to the Putative Debtor*

**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., | ) Involuntary Case No. 22-10842 (DSJ) |
| | ) |
| Putative Debtor. | ) |
| | ) |

**ORDER GRANTING MOTION OF THE PUTATIVE DEBTOR TO TRANSFER VENUE
OF THE INVOLUNTARY CHAPTER 11 CASE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Upon the Motion[1] of the Putative Debtor for an order transferring venue of this involuntary chapter 11 case to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C §§ 1406(a) and 1408 and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure; this Court having found that proper and adequate notice of the Motion and the relief requested herein has been provided and that no other or further notice is necessary; and the Court having reviewed and considered the Motion and all supporting papers and responses and replies thereto (if any), and the argument of the parties; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The relief requested in the Motion is hereby granted as set forth herein.

2.    This chapter 11 case is transferred to the United States Bankruptcy Court for the District of Delaware.

_____

THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**<u>Exhibit B</u>**

**Notice Party List**