WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
J. Christopher Shore
Philip M. Abelson

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle
Jason N. Zakia
Jesse Green

*Attorneys for the Putative Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Involuntary Case No. 22-10842 (DSJ) |
| Putative Debtor. | ) |

**DECLARATION OF JUAN PABLO ESTRADA MICHEL IN SUPPORT OF (I) MOTION OF THE PUTATIVE DEBTOR TO TRANSFER VENUE OF THE INVOLUNTARY CHAPTER 11 CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE AND (II) MOTION OF THE PUTATIVE DEBTOR TO DISMISS THE INVOLUNTARY CHAPTER 11 PETITION**

I, Juan Pablo Estrada Michel, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief:

1. I am the founding partner of the Mexico-based law firm of López Melih y Estrada,

---

[1] The Putative Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

AMERICAS 115857916

S.C., located at Sierra Gamón, No. 320, Lomas de Chapultepec, 11000, Mexico City, Mexico and the foreign law representative of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("**Putative Debtor**").

2. I submit this declaration (the "**Declaration**")[2] in support of (i) the *Motion of the Putative Debtor to Transfer Venue of the Involuntary Chapter 11 Case to the United States Bankruptcy Court for the District of Delaware* and (ii) the *Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* (collectively, the "**Motions**").

3. Although Spanish is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

4. This Declaration is comprised of the following (I) a description of my background and qualifications and (II) (i) an overview of the Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation proceeding (the "**Mexican Liquidation Proceeding**") in Mexico of the Putative Debtor which is pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") pursuant to articles 229, 232, 233, 236, and others of the *Ley General de Sociedades Mercantiles*, as originally published in the *Diario Oficial de la Federación* (the "**Official Gazette**") on August 4, 1934 and last revised on June 14, 2018 (as amended, the "**Mexican Corporations Law**"), (ii) an overview of the Mexican Corporations Law; and (iii) a description of certain ways in which fundamental due process is afforded to the Putative Debtor and its creditors in the Mexican Liquidation Proceeding.

**I.     Background and Qualifications**

5. Pertinent aspects of my legal background are as follows: I am an attorney licensed

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motions (as defined herein).

2

to practice in Mexico and a member in good standing of the Mexican Bar Association.

6. I have practiced law in Mexico for over 18 years. I earned my law degree from the *Escuela Libre de Derecho*, in Mexico City, in 2004 and received a Master of Laws' degree (LL.M.) from *Columbia University School of Law* in 2006. In 2007, I founded López Melih, González, Facha y Estrada, S.C., currently known as López Melih y Estrada, S.C., a litigation firm that provides legal advice and represents private sector companies in antitrust, banking, bankruptcy, restructuring, energy and natural resources, civil, commercial, constitutional, contractual, and shareholders' disputes and proceedings before state and federal courts in Mexico, administrative agencies and arbitration proceedings. The firm and its attorneys have been highly ranked and recommended in, among others, bankruptcy, restructuring, and litigation by *Chambers Latin America* and *The Legal 500*.

7. I have focused a relevant part of my practice on insolvency-related matters involving Satélites Mexicanos, S.A. de C.V., URBI Desarrollos Urbanos, S.A.B. de C.V. and subsidiaries, Banco BBM and Banco BTG Pactual (as creditors to Desarrolladora HOMEX, S.A.B. de C.V.), Corporación Geo and 15 subsidiaries' bankruptcy proceeding (as legal advisor to the conciliator), and Aerovías de México, S.A. de C.V. (as an interested party to the *concurso* proceeding of Compañía Mexicana de Aviación, S.A. de C.V.), among others.

8. I am also a professor at *Escuela Libre de Derecho* since 2007. Between 2009 and 2013, I was a procedural law clinic professor and taught classes on commercial procedure and *concurso mercantil* proceedings. I have been a member of the Board of Directors of *Escuela Libre de Derecho* since 2021.

9. I have authored and published the book "Study of the existence and validity elements of legal acts and contracts, as to Justice Livier Ayala Manzo's contributions" (Supreme

Court of Justice, Mexico 2019), as well as several law review articles, about the rule of law, due process of law in Mexico, and other legal topics.

10. In preparing this Declaration, I have reviewed the: (i) petition commencing the involuntary Chapter 11 Case and (ii) filings with, and orders by, the Mexican Court in the Mexican Liquidation Proceeding.

## II. Overview of the Mexican Liquidation Proceeding and Mexican Corporations Law

### i. The Mexican Liquidation Proceeding

11. On June 28, 2022, Mr. Angel Francisco Romanos Berrondo,[3] a shareholder of the Putative Debtor (the "**Mexican Petitioner**"), filed a petition (the "**Mexican Petition**"), solely in his capacity as a shareholder, seeking to commence the Mexican Liquidation Proceeding in the Mexican Court pursuant to the Mexican Corporations Law. The Mexican Petitioner sought relief from the Mexican Court alleging loss of two-thirds of the value of its equity, which as set forth herein provides a basis for the commencement of the Dissolution and Liquidation Procedure under the Mexican Corporations Law.[4]

12. On June 30, 2022, the Mexican Court issued an order (the "**Mexican Order**") admitting and granting the Mexican Petition and commencing the Mexican Liquidation Proceeding.[5] A copy of the Mexican Order and a certified translation thereof are attached hereto

---

[3] Mr. Romanos is a former officer and director of the Putative Debtor.

[4] *See* Mexican Corporations Law, Art. 229, V.

[5] As required in the Mexican Order, on July 6, 2022, the Mexican district attorney's office (the "**Mexican District Attorney**"), who is an autonomous authority and a fiduciary that acts for the benefit of the Mexican public interest, filed her opinion about the Mexican Liquidation Proceeding and provided oversight with respect to the compliance of insolvency proceedings with Mexican law, stating her position that cause exists for commencing and resolving the Mexican Liquidation Proceeding and for the Mexican Court to ultimately decide about the liquidation of the Putative Debtor. Thus, the Mexican District Attorney concluded that there is no cause for commencing any bankruptcy proceeding under the *Ley de Concursos Mercantiles* ("**Mexican Bankruptcy Law**"). *See* Mexican Bankruptcy Law, Art. 21.

4

as **Exhibit A**.

13.     Also on June 30, 2022, the Mexican Court issued an order (the "**Precautionary Measures Order**") granting certain *ex parte* precautionary measures on a provisional basis, including the suspension of any and all execution or collective proceedings against the assets and rights of the Putative Debtor.[6]  The Precautionary Measures Order appointed Mr. Fernando Alonso-de-Florida Rivero as provisional liquidator to the Putative Debtor (the "**Mexican Liquidator**").[7]  A copy of the Precautionary Measures Order and a certified translation thereof are attached hereto as **Exhibit B**.

14.     As of entry of the Mexican Order and upon service of process, in general, the Mexican Court retains exclusive jurisdiction to hear the Mexican Liquidation Proceeding and any dissolution, liquidation and insolvency proceeding regarding the Putative Debtor and its assets and rights.  The Putative Debtor, upon service of process, is subject to the Mexican Court's exclusive jurisdiction and is directed to appear before the Mexican Court and file its response.  Accordingly, courts in Mexico, other than the Mexican Court, and in any other jurisdiction are prevented from ruling on those matters pursuant to Mexican law.[8]

15.     On July 7, 2022, the Putative Debtor received service of the Mexican Liquidation Proceeding and, on July 11, 2022, it filed its response, as required under Mexican law, before the

---

[6]     The Mexican Court determined that the Precautionary Measures were necessary to protect the assets of the Putative Debtor and its creditors for the purpose of preserving the *status quo* and the public interest and allowing an orderly liquidation of the Putative Debtor until the issuance of a final judgment in the Mexican Liquidation Proceeding. However, the Mexican Court required the Mexican Petitioner to post a bond in the amount of $150,000 MXN (approximately US$7,300) to enable the Precautionary Measures to be effective.  The Mexican documents attached to the service of process demonstrate that the Mexican Petitioner posted the required bond soon thereafter.  Thus, the Precautionary Measures took effect on July 4, 2022.

[7]     On June 30, 2022, the Mexican Court appointed the Mexican Liquidator on a provisional basis.  The Mexican Liquidator formally accepted his appointment on July 8, 2022.

[8]     *See* Mexican Commercial Code, Arts. 1054 and 1075, Mexican Federal Civil Procedure Code, Arts. 12 and 328.

Mexican Court. As part of that service of process, the Putative Debtor received formal notice of facts and documents described above.

16. Besides the service of process to the Putative Debtor, notice of entry of the Mexican Order and Precautionary Measures Order was provided to interested parties in the manner described therein[9] and was also accessible at the Mexican Court's office. A reference of the existence and commencement of the Mexican Liquidation Proceeding will be provided to the public through publication in the Official Gazette, which is accessible online and at the office of the Superior Court of Justice of Mexico City (*Tribunal Superior de Justicia de la Ciudad de México*). In furtherance of the notice provided in Mexico, the Company will also cause a notice of the existence of the Mexican Liquidation Proceeding and other relevant facts in connection therewith to be published on its website at https://www.creal.mx/es/financiera/eventos, in compliance with CNBV's requirements. Parties in interest may also appear before the Mexican Court to claim they are interested parties and, as such, request they be authorized to and receive notices of the Mexican Liquidation Proceeding.

17. On July 12, 2022, the Foreign Representative was duly appointed by the Putative Debtor's Mexican Liquidator as the foreign representative of the Mexican Liquidation Proceeding. On July 14, 2022, the Foreign Representative filed a petition in the Delaware Bankruptcy Court seeking an order granting recognition of the Mexican Liquidation Proceeding under section 1517 of the Bankruptcy Code as the foreign main proceeding of the Putative Debtor.

---

[9] Among other notices, the Mexican Order determined that the existence of the Mexican Liquidation Proceeding be registered in the Putative Debtor's public records with the Mexican commercial registry authority — Public Registry of Commerce in Mexico City. Among other notices, the Precautionary Measures Order determined that certain financial institutions be notified through CNBV of the Precautionary Measures aimed at halting any seizure or withholding of funds against the Putative Debtor.

AMERICAS 115857916

      *ii.*      *The Dissolution and Liquidation Procedure under the Mexican Corporations Law*

      18.      The Mexican Liquidation Proceeding is primarily governed by Chapters X-XI of the Mexican Corporations Law, which governs the life cycle of Mexican companies, including their formation, structure, operation, winding up, dissolution and liquidation. Notably, chapters X-XI of the Mexican Corporations Law provide for the dissolution and liquidation of Mexican companies (the "**Dissolution and Liquidation Procedure**"). The Mexican Corporations Law, alongside mutually agreeable procedures (if any) and other federal statutes,[10] facilitates the orderly and cost-effective wind up of both solvent and insolvent Mexican companies' operations while protecting creditors' rights and affording parties in interest ample opportunity to be heard..

      19.      After a petition seeking to commence the Dissolution and Liquidation Procedure is filed, a Mexican court will determine whether the eligibility requirements for dissolution under the Mexican Corporations Law have been fulfilled.[11] If any of such requirements is fulfilled, the Mexican court will enter an order formally commencing the Dissolution and Liquidation Procedure.

      20.      The Mexican Liquidation Proceeding is effectuated by a liquidator. In the absence of an appointment of a liquidator in the entity's bylaws or by shareholder's agreement, a Mexican

---

[10] Including the: *Ley General de Organizaciones y Actividades Auxiliares del Crédito* (the "**Mexican Law on Ancillary Credit Organizations and Activities**") (Art. 87-A Bis); *Código de Comercio* (the "**Mexican Commercial Code**"); *Código Civil Federal* (the "**Mexican Federal Civil Code**"); *Código Federal de Procedimientos Civiles* (the "**Mexican Federal Civil Procedure Code**"); and Chapter III of Section 8 of the Mexican Bankruptcy Law if applicable.

[11] Namely, (i) expiration of the term provided in the entity's corporate by-laws; (ii) impossibility of carrying out its business purposes; (iii) agreement among the shareholders adopted in conformity with the by-laws and the Mexican Corporations Law; (iv) the number of shareholders is reduced to less than two as provided under the Mexican Corporations Law or the share or equity interests are held by a single shareholder; (v) the entity loses two-thirds of its shareholders' capital; or (vi) a judicial or administrative court enters a dissolution decision, pursuant to applicable laws. *See* Mexican Corporations Law, Art. 229.

court appoints a liquidator.[12] Pursuant to the Precautionary Measures Order and in accordance with Mexican law, the Mexican Court appointed Mr. Fernando Alonso-de-Florida Rivero as the Putative Debtor's Mexican Liquidator. Mr. Rivero is a disinterested liquidation expert professional registered with the Mexican Federal Institute of Business Reorganization Specialists (*Instituto Federal de Especialistas de Concursos Mercantiles* or the "**IFECOM**").[13]

21. The liquidator presides over the entity's liquidation and takes control of the entity's business and affairs, ceases its operations, and displaces the company's day-to-day management.[14] Once appointed, the liquidator becomes the entity's legal representative and can sign documents and appoint professionals on behalf of the company, and has sole authority to administer, control, and supervise the entity's assets and affairs. Pursuant to such authority, the Mexican Liquidator appointed Robert Wagstaff as the foreign representative of the Putative Debtor.

22. The liquidator is an independent fiduciary of the Putative Debtor that acts for the benefit of all stakeholders, is subject to the supervision of the Mexican Court, and is personally liable for any act that exceeds the scope of his statutory authority.[15] All of the entity's assets, books, and records are turned over to the liquidator, who must preserve them for 10 years following completion of the Dissolution and Liquidation Procedure.[16]

23. Following his or her appointment, a liquidator's initial responsibility is to conduct

---

[12] Under Mexican law, a Mexican court may appoint a liquidator on a provisional basis. The rights and duties of a provisional liquidator are the same as a liquidator appointed pursuant to a final order.

[13] *See* Mexican Law on Ancillary Credit Organizations and Activities, Art. 87-A Bis (I); Mexican Corporations Law, Art. 236; Mexican Commercial Code, Arts. 2, 1054, 1255, 1256, 1257, 1348 and 1390 Bis 47; Mexican Bankruptcy Law, Arts. 311, 312, 325, and 334.

[14] *See* Mexican Corporations Law, Arts. 236 and 237.

[15] *See* Mexican Corporations Law, Art. 235.

[16] *See* Mexican Corporations Law, Art. 245.

AMERICAS 115857916

an inventory of the entity's assets and liabilities.[17] This process facilitates the liquidator taking possession of all of the assets, and immediately taking the steps necessary to liquidate or otherwise dispose of the entity's assets for the highest possible price for the benefit of all stakeholders. The liquidator also has the authority to complete any outstanding transactions that were pending at the time of dissolution, seek payment of all obligations owed to the business entity, and pay liabilities.[18]

24. The liquidator is also required to prepare and register a final liquidation balance sheet and make distributions in accordance therewith.[19] Creditors and other parties in interest have an opportunity to submit their claims to the liquidator and, if necessary, challenge the final balance sheet and any distributions thereunder before a Mexican Court.[20] In the absence of objections to the final liquidation balance sheet, the liquidator will complete the distributions required thereunder and obtain the cancellation of the registration of the entity's charter before the Public Registry of Commerce.[21] This step officially ends the liquidation of the company and extinguishes the entity's legal personality.

    *iii.*    *Fundamental Due Process is Afforded to the Putative Debtor's Creditors in the Mexican Liquidation Proceeding*

25. Following entry of an order commencing the Dissolution and Liquidation Procedure, creditors and other parties in interest have an opportunity to seek to terminate the

---

[17]     *See* Mexican Corporations Law, Art. 241.
[18]     *See* Mexican Corporations Law, Art. 242, I-IV.
[19]     *See* Mexican Corporations Law, Art. 242, V and 247, II; Mexican Commercial Code, Arts. 50 Bis *et seq*.
[20]     *See* Mexican Corporations Law, Art. 243.
[21]     *See* Mexican Corporations Law, Art. 242, VI.

proceeding through relief requested in the Mexican Court or challenge such an order.[22]

26.     Throughout the entire process of the Dissolution and Liquidation Procedure, the entity and the liquidator are subject both to the review and oversight of the Mexican court.[23] Although Mexican courts give deference to the liquidator's business judgment in administering, realizing, and distributing the entity's assets, parties in interest may challenge any of the actions undertaken by the liquidator in a Mexican court up to 10 years following completion of the Dissolution and Liquidation Procedure.[24]  Further, the Mexican District Attorney ensures that the interests of creditors are protected if he or she finds the entity has failed under Mexican law, to pay its obligations when they became due.[25]  Additionally, any liquidator that does not comply with its fiduciary duties or ethical standards under Mexican law may be removed from the case and/or suspended or removed from the IFECOM's list of liquidators, in each case, upon request of any party in interest.

27.     Throughout the Dissolution and Liquidation Procedure, creditors are given notice of timing and procedures for submitting their claims and matters pertaining to potential distributions.  Creditors are able to engage with the Mexican Liquidator regarding these matters and the conduct of the Mexican Liquidation Proceeding and, as set forth above, may apply to the Mexican Court for relief if necessary.  Additionally, Mexican law provides for a robust appeal

---

[22]  The Putative Debtor has filed its response before the Mexican Court on July 11, 2022 and, as of the date of this Declaration, to the best of my knowledge, no party has objected to the Mexican Petition or has sought to challenge the Mexican Order or the Precautionary Measures Order.

[23]  *See* Mexican Corporations Law, Arts. 232, 236, 238, and 243; Mexican Commercial Code, Arts. 1336 *et seq.*, 1349 *et seq.*, and 1362 *et seq.*

[24]  *See* Mexican Corporations Law, Arts. 235, 238, and 245; Mexican Commercial Code, Arts. 1038, 1045 f.II, and 1047.

[25]  *See* Mexican Bankruptcy Law, Art. 21.  Under Mexican law, if the Mexican District Attorney finds the entity has failed under Mexican law to pay its obligations when they became due, it may commence an involuntary bankruptcy case (*concurso mercantil*) against such entity.  *See* Mexican Bankruptcy Law, Arts. 10, 11, and 21.

AMERICAS 115857916

process, including a constitutional appeal (*amparo*) that can be filed before Mexican federal courts against any action from a government authority in violation of an individual's constitutional rights.

28. The Dissolution and Liquidation Procedure involves all of the entity's assets, rights, obligations, and liabilities, with respect to all entity's creditors, customers, and clients regardless of whether the parties are non-Mexican. There are no parties or assets that are excluded from the liquidator's distributions and rights afforded to parties under Mexican laws, such as the Mexican Commercial Code and Mexican Federal Civil Code, must be observed.

29. The Mexican Corporations Law is consistent with the principles of absolute priority, as it only permits equity holders to receive distributions after other creditors have received payment in full.[26] The liquidator is required to act fairly in making distributions. If there are insufficient assets to pay creditors, the liquidator may pay creditors a reduced amount in respect of their claims. Any distribution to the entity's equity holders must be published in the Electronic System of the Ministry of Economy and any creditor may challenge such distribution by filing an objection before a Mexican court.[27]

---

[26] *See, generally,* Mexican Corporations Law, Art. 243.

[27] *See* Mexican Corporations Law, Arts. 9 and 243.

AMERICAS 115857916

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 14, 2022
Mexico City, Mexico

*[signature]*

Juan Pablo Estrada Michel

López Melih y Estrada, S.C.
Sierra Gamón, No. 320, Lomas de Chapultepec
11000 Mexico City, Mexico
Telephone: + 52 (55) 5540-0707